In re Harry G. BYRD, Jr., Debtor.

EXECUFLITE SERVICES, INC., H. Thomas McHenry, Plaintiffs,

v.

Harry G. BYRD, Jr., Defendant.

Adversary No. 1–84–0229.

Related Case No. 1–83–03120.

United States Bankruptcy Court, S.D. Ohio, W.D.

March 13, 1985.

As Amended Sept. 9, 1985.

G. Robert Hines, Cincinnati, Ohio, for plaintiffs.

Thomas F. Waldron, Cincinnati, Ohio, for defendant.

Stuart C. Brinn, Cincinnati, Ohio, for Trustee.

Norman L. Slutsky, Cincinnati, Ohio, Interim Trustee.

### DECISION AND ORDER ON DEFENDANT'S MOTIONS PURSUANT TO F.R.C.P. 12 & 9

BURTON PERLMAN, Bankruptcy Judge.

In the above identified bankruptcy case, plaintiffs filed a pleading entitled Complaint Objecting to Discharge to commence an adversary proceeding. In an early portion of the complaint, reference is made to involvement of 11 U.S.C. § 523, § 548 and § 727 in the adversary proceeding (though plaintiffs mistakenly assert that our jurisdiction is based upon such sections.) It would appear, therefore, that notwithstanding the title actually applied to the pleading, plaintiffs are interested in non-dischargeability of a debt or debts owed to

them (§ 523) in addition to denial of debtor's discharge (§ 727.) In response to the complaint, defendant filed his motion pursuant to F.R.C.P. 12(b)(6) for failure of plaintiffs in the complaint to state a claim upon which relief can be granted. In the alternative, defendant seeks a more definite statement pursuant to F.R.C.P. 12(e). It is these motions with which we here deal.

The complaint contains allegations regarding the background of the relationship between plaintiffs and defendant, a history which extended over some ten years prior to the time that a dispute arose between plaintiff McHenry and defendant in 1979. It is alleged that following the dispute it was agreed that management of plaintiff Execuflite would be turned over to defendant. Allegations follow that thereafter defendant breached his fiduciary duty to plaintiff corporation by the manner in which he operated the business, and, further, misappropriated "the business opportunity of Execuflite Services, Inc." for himself. It is alleged that there was a fraudulent conveyance by defendant to a close friend "with the intent to defraud and conceal his assets" from plaintiffs and other creditors. It is further alleged that defendant operates certain businesses as his alterego, but has omitted to claim any interest therein, said omission being fraudulent.

Defendant says that the complaint fails to state a cause of action. This motion is directed to the complaint; no evidentiary material is made a part of this record by defendant (though defendant's memorandum in chief and reply memorandum make extensive reference to the record of 2004 examinations taken of defendant, as well as testimony by defendant at his 341 meeting.) Because of the absence from the record of any evidence, we limit our consideration on this motion strictly to the allegations contained in the complaint. Because plaintiffs are entitled to have the complaint construed most strongly in their favor on this motion, *Walker Process Equip. v. Food Machine & Chemical Corp.*, 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965). We conclude that the allegations of the complaint are sufficient to withstand defendant's motion.

■ Plaintiffs assert that their complaint is sufficient to make out a cause of action pursuant to 11 U.S.C. § 727(a)(2), while defendant disputes such contention. The Bankruptcy Code at 11 U.S.C. § 727(a)(2) provides that a discharge is to be denied a debtor where the debtor transfers etc. property of the debtor within one year before the date of the filing of the petition with intent to hinder, delay or defraud creditors. Defendant says that the complaint fails to allege any fraudulent transfer within the year prior to the date of the filing of the petition, November 30, 1983, and there is no such allegation in the complaint. In response, plaintiffs cite cases in which there has been an extension of the one year provision in the statute. Defendant deals with such authorities by factual distinctions. Defendant's effort in this regard is misplaced, for there is no factual record before us to support his contentions. We do not find that the allegations of the complaint in and of themselves provide adequate support for the position of defendant, and in the scheme of notice pleading in federal practice, we are unwilling to conclude that the complaint is insufficient to state a claim under 11 U.S.C. § 727(a)(2). Furthermore, we hold that the allegations of the complaint that defendant was the beneficiary of, and the alter-ego, of several corporations as to which he failed to claim any interest in his bankruptcy filing, amount to a statement that defendant made a false oath within the contemplation of the statute, and are sufficient to state a claim under 11 U.S.C. § 727(a)(4)(A).

■ The sufficiency of the complaint in making out a claim under 11 U.S.C. § 523(a)(2), which refers to a claim arising from actual fraud, is even clearer. While there is much alleged in the complaint which might be considered extraneous, there does appear adequate allegation with regard to a fraudulent scheme perpetuated by defendant to deprive plaintiffs of their interests. The allegations regarding depri-

vation of profits, assets and contract rights of the business of Execuflite, and transferring them to corporate entities conducted for the benefit of defendant is enough for such a claim.

■ Defendant contends as well that plaintiffs have failed to make out a claim with respect to § 523(a)(4), fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. While the contention of defendant that the fiduciary capacity meant by the statute requires a technical trust is correct, *In Re Johnson*, 691 F.2d 249 (6th Cir.1982), on the pleadings alone we cannot reach the conclusion that a claim thereunder has not been stated.

■ Defendant then moves that plaintiff Execuflite be dismissed for lack of standing. The relevance of the follow-on contention by defendant, that plaintiff McHenry owns 50% of the stock of Execuflite and thereby does not have sufficient interest to take action on behalf of the corporation, is murky. The complaint alleges injury to the corporation, Execuflite in the several respects detailed above, and accordingly no basis for the dismissal of Execuflite is made out.

Finally, defendant urges that if its F.R.C.P. 12 motion is denied, then plaintiff should be required to file a more definite statement pursuant to F.R.C.P. 12(e). Defendant sharpens this attack by asserting that plaintiffs should be required to specify information such as places and dates as well as whether the agreement involved was written or oral. Defendant urges that we require more than we consider appropriate for a pleading in federal court where notice, not evidence, is the sine qua non of a proper pleading. The availability of the several varieties of discovery common in federal practice, as well as the availability of pre-trial conference procedures, all may be resorted to by defendant in order to satisfy his desire for particularity.

Accordingly, defendant's motions are DENIED in their entirety.

SO ORDERED.